UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD DALE REBSTOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1364-DDN |
| ) | |
| TERRY RUSSELL, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Richard Dale Rebstock (registration no. 244586) for leave to commence this action without payment of the required filing fee [Doc. #5]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint [Doc. #4], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $231.02, and an average monthly balance of $51.59. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $46.20, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Farmington Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983.[1]  Named as defendants are Terry Russell (Warden, Eastern Reception and Diagnostic Correctional Center), Dwain L. Forshee (Wayne County Deputy Sergeant), Wayne County Sheriff's Department, Jon A. Kiser (former Wayne County Prosecutor), Robert M. Ramshur (present Wayne County Prosecutor), and State of Missouri.  Plaintiff alleges that (1) defendant Russell is responsible for a case worker,

---

[1]Although plaintiff states that defendants committed "a federal tort," defendants are all alleged, and appear, to be state actors or entities, and therefore, the amended complaint will be liberally construed solely under 42 U.S.C. § 1983.

who "refused to sign the certificate for [plaintiff] to file a motion to file in forma pauperis"; (2) on May 10, 2005, defendant Forshee fabricated a police report to include a sex offense charge against plaintiff in order to obtain a warrant, and he ordered two deputies "to conduct an illegal search and seizure"; (3) over seven years ago, the Wayne County Sheriff's Department knowingly allowed plaintiff to be illegally prosecuted, placed him "in a cell with the entire jail population . . . where [plaintiff] was severely beaten by the inmates because of this [sex] charge," illegally removed plaintiff from a veteran's hospital, and denied plaintiff psychiatric care; (4) defendant Kiser knowingly illegally prosecuted plaintiff, lied to the judge, covered up court mistakes and illegal activities, committed Brady violations, and "did not release a discovery to anyone for 5 1/4 years"; (5) defendant Ramshur continued in illegally prosecuting plaintiff, lied about discovery, "had the Madison County sheriff lie," and told plaintiff's appointed attorney not to help him; and (6) the State of Missouri refused to investigate plaintiff's case, enacted unjust laws, and employed numerous individuals to illegally prosecute plaintiff and then cover up their activities.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). The State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability

under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Similarly, sheriff's departments are not suable entities.  *See, e.g.*, *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983).  As such, the amended complaint is legally frivolous as to defendants State of Missouri and Wayne County Sheriff's Department.

Moreover, the Court notes that plaintiff is bringing this action against the individual defendants in their official capacities.  *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri and Wayne County, Missouri.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are

'persons' under § 1983." *Id.* Moreover, to state a claim against a municipality or a government official in his official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant amended complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional reasons for dismissing this action, the Court finds that plaintiff's § 1983 claims relative to his 2005 arrest are barred by the five-year statute of limitations. *See Lohman v. Kempker*, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).

Furthermore, the amended complaint is legally frivolous as to defendant Terry Russell, because plaintiff does not set forth any facts indicating that Russell was directly involved in or personally responsible for the violation of plaintiff's constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege

defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In addition, to the extent that plaintiff is attempting to assert an access-to-the-courts claim, his allegations are legally frivolous. Plaintiff does not claim that he suffered "actual prejudice with respect to contemplated or existing litigation" as a result of anything defendant Russell did or failed to do. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996).

The amended complaint is also legally frivolous as to defendants Jon Kiser and Robert M. Ramshur, because prosecutors are absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. *Myers v. Morris*, 810 F.2d at 1446.

Last, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S.

477 (1994). Plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question.

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $46.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Richard Dale Rebstock v. Terry Russell, Dwain L. Forshee, Wayne County Sheriff's Department, Jon A. Kiser, Robert M. Ramshur, and State of Missouri*.[2]

---

[2] Although plaintiff has submitted in his amended complaint a list of additional names and addresses of numerous individuals, he states, "This is just added for some addresses and can be omitted if court deems [sic]." In addition, these individuals are not named in the caption of the complaint, and plaintiff has not asserted any facts or actionable claims against them. As such, the Court will not liberally construe the amended complaint to include these individuals as party-defendants.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th Day of November, 2012.

*[signature]*

UNITED STATES DISTRICT JUDGE